IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTINA WADE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. 4:07-cv-2747 |
| | § | (JURY REQUESTED) |
| PENTAGROUP FINANCIAL, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, KRISTINA WADE, plaintiff in the above styled cause (hereinafter referred to as "Ms. Wade" or the "Plaintiff") and complains of PENTAGROUP FINANCIAL, L.L.C. (hereinafter referred to as "Pentagroup" or the "Defendant") and for cause of action would show this Court as follows:

**I.**

**PARTIES**

1. The Plaintiff is an individual residing in Missouri City, Fort Bend County, Texas.

2. The Defendant Pentagroup Financial, L.L.C. is a Texas limited liability company with its principal offices located in Houston, Harris County, Texas and may be served by serving its registered agent, Ransom Lummis, at its

1

registered address located at 5959 Corporate Drive, Suite 1400, Houston, Texas 77036.

## II.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 in that this civil action arises under the laws of the United States, in particular under 42 U.S.C. § 12101, *et seq* and 29 U.S.C. § 1140.

4. This Court has personal jurisdiction over the Defendant because it resides and does business in the State of Texas. In addition, the Defendant's actions and conduct against the Plaintiff occurred in the State of Texas.

5. This Court has venue under 28 U.S.C. § 1391(b)(1) and (c), because the Defendant resides and does business in the Southern District of Texas.

## III.

## BACKGROUND FACTS

6. Ms. Wade worked for Pentagroup for a number of years as a collection manager. Her work at Pentagroup was exemplary and she has received several promotions and raises. In September of 2006, Ms. Wade was diagnosed with Multiple Sclerosis ("MS") and began seeking treatment for it. Ms. Wade was insured on Pentagroup's group medical benefits plan, which was regulated by ERISA. Her MS treatments were covered by and being paid for under that medical benefits plan. Ms. Wade's condition in no way impaired her ability to perform all

of her essential job functions as a collection manager and her work continued to be exemplary.

7. In October of 2006, executives at Pentagroup discovered that Ms. Wade had been diagnosed with and was obtaining treatment for MS. Pentagroup discovered that the medical bills for Ms. Wade's MS treatments were being paid by its group medical benefits plan, that those bills were extremely expensive, and that Ms. Wade's treatments would be ongoing and longterm. Pentagroup feared these medical costs would cause an increase in its yearly medical benefits plan premium.

8. Pentagroup called Ms. Wade into a meeting, and although she thought she was called in to receive a promotion, Pentagroup terminated her in that meeting. Pentagroup's explanation to Ms. Wade for her termination was that it had discovered that Ms. Wade had transferred accounts out of the company's "no longer employed" desk, a computer subdirectory created to hold those accounts previously worked by employees who were no longer employed, and dispersed the accounts back out to the employees under her management for them to work. This excuse was a mere pretext for the real motivation for her termination: her condition of MS and the high medical costs associated with her exercising her rights under Pentagroup's medical benefits plan (i.e. her insurance claims for her medical treatments). The practice of transferring accounts out of the "no longer employed" subdirectory to collectors to work was a common practice by collection

managers at Pentagroup, and no other collection managers had been terminated or even disciplined for the practice. Collectors would periodically quit, leaving their accounts unworked. The managers were then responsible for assigning these accounts to their collectors in order to increase the collection recovery for Pentagroup's clients and increase Pentagroup's fee income. Pentagroup knew this, but used this as a pretextural justification for terminating Ms. Wade.

9. Ms. Wade was unable to find work for several weeks. Ms. Wade also lost her medical insurance. Although Ms. Wade obtained new employment, she was on a 90-day waiting period to qualify for her new company's health insurance plan. During this period, Ms. Wade was unable to obtain the MS treatments that she so badly needed. This caused an acceleration and deterioration of her physical condition. Upon completion of the 90 day waiting period, Ms. Wade was denied enrollment in the medical plan at her new job, because her MS was a pre-existing condition.

## IV.

## **CAUSES OF ACTION**

Violations of the Americans with Disabilities Act

10. The Defendant's conduct constituted unlawful discrimination in violation of the Americans with Disabilities Act of 1990, codified at 42 U.S.C. §12101, *et seq*. The Defendant, a "covered entity" and an "employer" as defined by 42 U.S.C. § 12111(2) and (5), intentionally discriminated in employment against Ms. Wade,

4

a "qualified individual with a disability" and an employee as defined by 42 U.S.C. § 12111(4) and (8), because of her disability in regard to her discharge and other terms, conditions, and privileges of her employment. Ms. Wade was capable of performing the essential functions of her job at Pentagroup with or without a reasonable accommodation.

11. The Defendant's conduct was the direct and proximate cause of actual damages to the Plaintiff, including but not limited to back pay, loss of medical benefits, and past and future medical expenses, which the Plaintiff seeks.

12. The Plaintiff has been forced to retain the undersigned to represent her in her claims under the Americans with Disabilities Act. The Plaintiff is entitled to an award of her attorney's fees incurred, pursuant to the Americans with Disabilities Act.

Violations of Tex. Labor Code

13. Additionally and alternatively, the Defendant's conduct constituted an unlawful employment practice in that the Defendant discharged the Plaintiff because of a disability, in violation of Tex. Labor Code, § 21.051. The Defendant, an "employer" as defined by Tex. Labor Code, § 21.002(8), discriminated in employment against Ms. Wade, an "employee" as defined by Tex. Labor Code, § 21.002(7), because of her disability in regard to her discharge and other terms, conditions, and privileges of her employment. Ms. Wade's disability did not

impair her ability to reasonably perform her job at Pentagroup with or without a reasonable accommodation.

14. Additionally and alternatively, discrimination was a motivating factor for the Defendant's discharge of Ms. Wade, as defined by Tex. Labor Code, § 21.125. The Plaintiff seeks declaratory relief pursuant to Tex. Labor Code, § 21.125.

15. The Defendant's conduct was the direct and proximate cause of actual compensatory damages to the Plaintiff, including but not limited to back pay, interest on back pay, future pecuniary loss, mental pain, loss of medical benefits, loss of enjoyment of life, and past and future medical expenses, which the Plaintiff seeks.

16. The Defendant's conduct of discrimination was intentional, and the Plaintiff is entitled to punitive damages for such conduct, which the Plaintiff seeks.

17. The Plaintiff has been forced to retain the undersigned to represent her in her claims under the Texas Labor Code.  The Plaintiff is entitled to an award of her attorney's fees incurred, pursuant to Tex. Labor Code, § 21.259.

## Violations of 29 U.S.C. § 1140

18. Additionally and alternatively, the Defendant's conduct constituted unlawful discrimination and retaliation in violation of 29 U.S.C. § 1140.  The Defendant discharged Ms. Wade, a participant or beneficiary under its group medical benefits plan, for exercising her rights to which she was entitled under the provisions of the Defendant's group employee benefit plan.

19. The Defendant's conduct was the direct and proximate cause of actual damages to the Plaintiff, which the Plaintiff seeks.

20. The Plaintiff has been forced to retain the undersigned to represent her in these claims under ERISA and she seeks her attorney's fees therefore.

## V.

## **JURY DEMAND**

21. The Plaintiff demands a trial by jury on all issues in this case.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, KRISTINA WADE, respectfully requests that the Defendant, PENTAGROUP FINANCIAL, L.L.C., be cited to appear, and that after trial Plaintiff be awarded damages against the Defendant as follows:

1. Actual and compensatory damages, whether statutory or common law;

3. Additional, punitive, or exemplary damages, whether statutory of common law;

4. Prejudgment and post judgment interest as allowed by law;

5. Reasonable attorney's fees;

6. Costs of Court; and

7. Such other relief, both equitable and at law, to which the Plaintiff may show herself entitled.

Respectfully submitted,

**WAUSON ♦ PROBUS**

By: ___/s/ Matthew B. Probus__
    **Matthew B. Probus**
    TBA#16341200

Comerica Bank Building
One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303
(281) 242-0306 (Facsimile)
mbprobus@w-plaw.com

*ATTORNEY FOR PLAINTIFF,*
*KRISTINA WADE*